**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHARLES DERECK ADAMS,
        Appellant,

     v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DC-0752-20-0303-I-1

DATE: February 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles Dereck Adams</u>, Herndon, Virginia, pro se.

<u>Paul Y. Kim</u>, Esquire, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        The appellant filed an appeal in which he alleged that certain named agency officials had abused their power and obstructed justice when they chose to "look[] the other way" while the agency mistreated him in 2010.  Initial Appeal File (IAF), Tab 2 at 4.  He requested a hearing.  *Id.* at 2.  In support of his claim, he submitted 94 pages of documents.  IAF, Tab 3.  The administrative judge issued a jurisdictional show cause order, IAF, Tab 4, to which the appellant did not respond.

¶3        On February 4, 2020,[2] the administrative judge issued an initial decision on the written record in which he dismissed the appeal for lack of jurisdiction.  IAF, Tab 5, Initial Decision (ID) at 1, 3.  The administrative judge notified the parties that the initial decision would become final on March 10, 2020, if neither party filed a petition for review.  ID at 3.

¶4        On January 14, 2021, the appellant filed a petition for review in which he challenged the administrative judge's jurisdictional finding, arguing that the Board has adjudicated many of his previous "discrimination complaints" and that, if this matter is dismissed, there will be no other relief possible for him.  Petition for Review (PFR) File, Tab 1 at 4.  With his petition, he submitted a list of the many cases he has pursued before the Board.  *Id.* at 6-8.

¶5        The Clerk of the Board notified the appellant that the petition for review appeared to be untimely filed because the initial decision was issued on February 4, 2020, but the petition for review was not postmarked or received on or before March 10, 2020.  PFR File, Tab 2.  The Clerk afforded the appellant an opportunity to file a motion to accept his filing as timely and/or to waive the time

---

[2] The initial decision is dated January 4, 2020, IAF, Tab 5, but the accompanying certificate shows that the decision was served on the parties on February 4, 2010.  IAF, Tab 6.  For reasons set forth in this decision, we believe that the January date is incorrect but that this apparent error did not prejudice the appellant's rights.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

limit for good cause, and stated that such a motion must be accompanied by a statement signed under penalty of perjury, or an affidavit, postmarked, if mailed, or sent by facsimile on or before January 29, 2021. *Id.* at 2. The appellant did not respond.

## ANALYSIS

¶6    The Board's regulations require that a petition for review be filed within 35 days after the date of issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The appellant does not indicate that he received the February 4, 2020 initial decision more than 5 days after it was issued. Therefore, as stated in the initial decision, the petition for review was due 35 days later, on March 10, 2020. ID at 3-4. Therefore, the appellant's petition for review, filed on January 14, 2021, was 10 months late. PFR File, Tab 1.

¶7    The Board will waive the filing deadline for a petition for review upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limit or unavoidable casualty or misfortune that similarly shows a causal relationship to his ability to timely file his petition. *Moorman v. Department of*

*the Army*, [68 M.S.P.R. 60](#), 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8    Applying these factors, we find that the appellant has not shown good cause for his filing delay. Despite his pro se status, his 10-month delay in filing his petition for review is significant. *Dow v. Department of Homeland Security*, [109 M.S.P.R. 633](#), ¶ 9 (2008) (finding a delay of more than 1 month to be significant, despite an appellant's pro se status). As noted, the appellant did not respond to the Clerk of the Board's notice of his need to establish good cause for his untimely filing and did not otherwise attempt to explain his filing delay. PFR File, Tab 1. Therefore, we conclude that the appellant has set forth no grounds for finding good cause for a waiver of the filing deadline. *Bell v. Department of Homeland Security*, [112 M.S.P.R. 33](#), ¶ 8 (2009) (dismissing a petition for review as untimely filed because a pro se appellant failed to respond to the Clerk's order on timeliness or otherwise demonstrate good cause for the delay).

¶9    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the Board's lack of jurisdiction over the underlying appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. [5 U.S.C. § 7703](#)(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](#)(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.